**WILMINGTON EDUCATION ASSOCIATION and Thomas A. Mitchell, Individually and on behalf of all other persons similarly situated, Plaintiffs,**

v.

**The BOARD OF PUBLIC EDUCATION IN WILMINGTON et al., Defendants.**

**Civ. A. No. 4447.**

United States District Court, D. Delaware.

Feb. 25, 1974.

Jacob Kreshtool and John S. Grady of Bader, Dorsey & Kreshtool, Wilmington, Del., for plaintiffs.

Christine M. Harker, Asst. City Sol., Wilmington, Del., for defendants.

MEMORANDUM OPINION

STAPLETON, District Judge:

The plaintiffs in this case are the Wilmington Education Association, a union of Wilmington public school officials, and Thomas Mitchell, a certificated teacher in the Wilmington school system. The defendants are the Wilmington Board of Public Education and its individual members. The plaintiffs have in-

stituted this suit as a class action on behalf of all teachers employed by the defendant Board during the school year 1971–1972. They seek payment of a salary increase allegedly authorized for the school year 1971–1972 but withheld because of the "wage freeze" imposed by the President under the Economic Stabilization Act of 1970. Presently before the Court are defendants' motion to dismiss and plaintiffs' motion for summary judgment.

Plaintiffs submit that an employer such as the defendant Board is obligated, under the amended Economic Stabilization Act of 1971, to pay retroactively wage increases which were finalized before the wage freeze commenced and withheld because of the proscription which that freeze imposed. On the present record, the plaintiffs contend that there is no disputed question of fact as to their eligibility for a retroactive wage increase under the criteria set forth in the Act and that this case is, therefore, ripe for summary judgment.

The defendants have moved for dismissal, contending that this Court does not have subject matter jurisdiction over the claim which the plaintiffs assert. Alternatively, they argue that, even if the Act supplies a valid predicate for the plaintiffs' claim, whether the wage increase in question comports with the Act's eligibility criteria is a disputed question of fact and summary judgment is, therefore, inappropriate. Since I am persuaded that this Court currently lacks jurisdiction over the plaintiffs' claim, I will confine myself to only that question.

Section 203(c) of the Stabilization Act contains the provisions inserted by Congress in late 1971 to deal with the problem of retroactive payment of wages withheld during the Phase I freeze. Paragraph (2) thereof provides that "the President shall promptly take such action as may be necessary *to permit*" (emphasis supplied) the payment of certain wages withheld during the freeze. Nothing in the text of this paragraph suggests that Congress was here creating a federal cause of action; rather it was providing for the lifting of a federal bar to certain types of payments.

Paragraph (3) of Section 203(c), however, takes a different approach. It provides:

> (3) In addition to the payment of wage and salary increases provided for under paragraphs (1) and (2), beginning on the date on which this subsection takes effect, the President shall promptly take such action as may be necessary to require the payment of any wage or salary increases (including any insurance or other fringe benefits offered in connection with employment) which have been, or in the absence of this subsection would be, withheld under the authority of this title, if the President determines that—
>
> > (A) such increases were provided for by law or contract prior to August 15, 1971; and
> >
> > (B) prices have been advanced, productivity increased, taxes have been raised, appropriations have been made, or funds have otherwise been raised or provided for in order to cover such increases.

Immediately apparent from this language is that Section 203(c)(3) is a directive to the President. The President is instructed to "take such action as may be necessary" to require the retroactive payment of certain wage increases. He is to require payment, however, only "if" he makes two specified determinations. Thus, under this provision, any duty of employers to pay retroactive wage increases, and any right of employees to receive them, is conditioned on a Presidential determination that those increases are proper.

Section 204 of the Act permits the President to delegate the functions he exercises under the Act to other bodies of the federal government. Pursuant to this provision, the responsibility for making determinations under Section 203(b)(3)'s guidelines for retroactive wage increases was initially committed

to the Internal Revenue Service and the Pay Board.[1]

Regulation 201.36 implements the Congressional directive found in Section 203(c)(3). It provides in relevant part:

(a) *In general.* Subject to the provisions of paragraphs (b) and (c) of this section, any increases in wages and salaries which have been or would be withheld under the authority granted by the Act are lawfully due and payable, if a determination is made that such increases were provided for by law, contract, agreement, or practice established prior to August 15, 1971, and that prices have been advanced, productivity has been increased, taxes have been raised, appropriations have been made, or funds have otherwise been raised or provided for in order to cover such increases.

\* \* \* \* \* \*

(2) *Category II and Category III pay adjustments.* A Category II or Category III pay adjustments (as defined in § 202.2(a)(2) and (3) of this Chapter, respectively) of the type described in paragraph (a) of this section may be put into effect provided that—

(i) The wage and salary increases pursuant to such pay adjustment meet the requirements of paragraph (c)(1), (2), and (3) of this section; and

(ii) The employer certifies by letter to the appropriate district director of Internal Revenue not later than 20 days after such pay adjustment is put into effect that the requirements referred to in subdivision (i) of this subpaagraph have been met.

(3) *By the Internal Revenue Service.* A party at interest claiming authority to make or receive payment of a wage and salary increase pursuant to paragraph (a) of this section, after giving notice to the other parties at interest, may apply to the Internal Revenue Service for a determination that the requirements of paragraph (a) of this section have been met. The application to the Internal Revenue Service shall detail the manner in which one or more of each of the requirements of paragraph (c)(1), (2), and (3) of this section have been met, or that the requirements of paragraph (a) of this section have otherwise been met. When the Service makes a determination that such requirements have or have not been met the Service will provide for notice upon request to parties at interest of the determination. Payment of an increase determined to be permissible under paragraph (a) of this section may begin within 20 days of such determination by the Service unless an appeal is taken by the Pay Board. The Service may transmit to the Board for determination any application based upon a claim that the requirements of paragraph (a) of this section have been met without meeting the requirements of paragraph (c)(1), (2), and (3) of this section.[2]

This regulation, insofar as it pertains to Category II and Category III pay adjustments (i. e. one affecting fewer than 5,000 employees), seems designed with two situations in mind. When an employer and his employees agree that an increase was payable during the freeze under state law or contract and that the other factual criteria of subsection (a) are met, payment can be made upon a certification of the employer regarding compliance with the Regulation. However, when an employer and his employees do not agree that the criteria of the regulation have been met, either party may seek a determination from the Internal Revenue Service.

1. We have been informed by letter from the Office of the General Council of the Cost of Living Council that the duties of these agencies in this area have recently been inherited by the Council.

2. Subsection (c) of this regulation interprets subsection (a) by describing situations in which the "factual requirement" of subsection (a) shall be "deemed satisfied."

■ Consistent with the provisions of the statute, the regulation provides that an increase is "lawfully due and payable" only "if a determination is made. . ." The clear import of this language and the statutory language which it implements is that there is no federal cause of action under the Act or the regulations to recover a retroactive wage increase unless there has been an administrative determination that the pre-conditions for that increase have been satisfied.

This interpretation of Section 203(c) and Regulation 201.36 is entirely consistent with Section 210 of the Stabilization Act, which creates a federal cause of action for injuries incurred as a result of violations of the Act or its implementing regulations. Section 210(a) provides:

> (a) Any person suffering legal wrong because of any act or practice arising out of this title, or any order or regulation issued pursuant thereto, may bring an action in a district court of the United States, without regard to the amount in controversy, for appropriate relief, including an action for a declaratory judgment, writ of injunction (subject to the limitations in section 211), and/or damages.

Under this provision, the federal courts will redress *legal* wrongs. For the purposes of the Stabilization Act, an employer who withholds retroactive wage increases has only committed a legal wrong when those increases are *determined* to be "lawfully due and payable;" until that determination, the employer's conduct is entirely consonant with the Act and its accompanying regulations. There is nothing incongruous about a statutory scheme which, in one provision, entrusts the executive with the responsibility for declaring legal obligations and, in another provision, entrusts the courts with the authority to grant relief when those obligations have been disregarded.

■ The remaining question for this Court is whether the plaintiffs have secured a proper determination from the Internal Revenue Service. It is clear that they have not. The plaintiffs have averred that they have consulted with the Internal Revenue Service officials and been verbally advised that the wage increases they seek are "lawfully due and payable." However, the applicable regulation clearly contemplates something other than the informal, *ex parte* conferences which apparently took place. The verbal opinions expressed by individual Internal Revenue Service representatives in such a context can hardly be equated with the official Service determination contemplated by Regulation 201.36. Plaintiffs have, therefore, failed to secure the favorable Internal Revenue Service determination that is necessary before they can proceed in this Court.

Primary jurisdiction to make the determination called for in Section 203(c)(3) and Regulation 201.36 resides in the administrative agency to which that authority has been delegated. At the same time, this Court would have jurisdiction under Section 210 to compel payment if the requisite administrative determination were made in plaintiffs' favor. In these circumstances, dismissal of plaintiffs' action is inappropriate. 3 Davis, Administrative Law § 19.07(2). If plaintiffs so desire this action will be stayed for a reasonable period to permit them to seek the appropriate administrative determinations.

Plaintiffs' motion for summary judgment will be denied. If plaintiffs request a stay within twenty days an appropriate order will be entered and defendants' motion to dismiss will be denied.

Submit order.